UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BEAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORP., et al.,<br><br>　　　　　Defendants. | No. 2:19–cv–647–TLN–KJN<br><br>ORDER DENYING PROTECTIVE ORDER WITHOUT PREJUDICE<br><br>(ECF No. 5) |

　　Plaintiff filed this action in California state court, alleging negligence and premises liability for an October 2016 slip and fall; Defendant removed on diversity grounds. (See ECF No. 1.) On August 21, 2019, Defendant filed a stipulation and proposed protective order. (ECF No. 5.) The Court has reviewed this proposed order, but denies the parties' request without prejudice.

　　"Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex rel. Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002); see also Makar-Wellbon v. Sony Elecs., Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good

1

cause showing). Further, the Local Rules of this district require a protective order to include:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
> (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
> (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

Here, the parties appear to have agreed to a blanket protective order of some form of confidential materials. While the proposed order submitted by the parties extensively ruminates on process, it fails to provide an adequate description of the types of information they wish to protect, much less why there is a particularized need to protect any information or why the Court must address this by order. The parties' definition of "Confidential" provides no indication of what the categories of information are, and while the agreement sporadically refers to "employee agreements," "manuals," and "policies," there is no discussion of the particularized need. Importantly, Paragraph 1d of the proposed order defines "Confidential Materials" as "any Documents, Testimony, or Information containing sensitive commercial information, including but not limited to *employee containing customer lists/names as defined below* designated as 'Confidential' pursuant to the provisions of this Stipulation and Protective Order." (ECF No. 5 at p. 2., emphasis added). It is unclear what "employee containing customer lists/names" means, and the Court sees no definition of this phrase anywhere in the proposed order. This is most likely a simple oversight on the drafter's part, but requires correction.

Thus, the Court is not opposed to signing off on a protective order, but cannot do so here because it is unclear just what information they deem to be "confidential" or what the ramifications are in its absence. Should the parties wish to resubmit their stipulation, the proposed order should include (in addition to the procedural information contained in the prior version) a clear list of the categories of documents, information, items or materials that are

subject to the protective order, which shall be described in a meaningful fashion (e.g., "blueprints," "personnel records," "customer lists," or "market surveys") and which shall include definitions if appropriate. See Local Rule 141(c). As to these categories, the parties should generally note the specific prejudice or harm that will result to the parties if the proposed protective order is not granted. See Id.

For the reasons stated above, the Court DENIES the parties' application for a protective order without prejudice.

IT IS SO ORDERED.

Dated: August 26, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bean.647