UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BEAN, | No. 2:19-cv-00647-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| COSTCO WHOLESALE CORPORATION; and DOES 1 through 50, inclusive, | |
| Defendant. | |

This matter is before the Court on Defendant Costco Wholesale Corporation's ("Defendant") Motion for Summary Judgment. (ECF No. 11.) Plaintiff Michelle Bean ("Plaintiff") filed a response. (ECF No. 16.) Defendant filed a reply. (ECF No. 18.) For the reasons set forth below, the Court hereby DENIES Defendant's motion.

///
///
///
///
///
///
///

1

### I. Factual and Procedural Background

This case arises out of a slip and fall in a Costco store in Redding, California on October 27, 2016. (ECF No. 1.) Plaintiff filed this action in Shasta County Superior Court on October 22, 2018, alleging claims for premises liability, general negligence, and failure to warn. (*Id.*) Defendant removed the action based on diversity jurisdiction on April 16, 2019. (*Id.*) On March 20, 2020, Defendant filed the instant motion for summary judgment. (ECF. No. 11.)

### II. Standard of Law

Summary judgment is appropriate when the moving party demonstrates no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 251–52.

1    To establish the existence of a factual dispute, the opposing party need not establish a
2 material issue of fact conclusively in its favor.  It is enough that "the claimed factual dispute be
3 shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."
4 *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89.  Thus, the "purpose of summary judgment is to
5 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for
6 trial.'"  *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's
7 note on 1963 amendments).

8    In resolving the summary judgment motion, the court examines the pleadings, depositions,
9 answers to interrogatories, and admissions on file, together with any applicable affidavits.  Fed.
10 R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982).  The evidence
11 of the opposing party is to be believed and all reasonable inferences that may be drawn from the
12 facts pleaded before the court must be drawn in favor of the opposing party.  *Anderson*, 477 U.S.
13 at 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
14 obligation to produce a factual predicate from which the inference may be drawn.  *Richards v.*
15 *Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir.
16 1987).  Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party
17 "must do more than simply show that there is some metaphysical doubt as to the material facts."
18 *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  "Where the record taken as a whole could not lead
19 a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Id*. at
20 587.

21   **III.   ANALYSIS**

22    Defendant moves for summary judgment as to all three of Plaintiff's claims.  (ECF No.
23 11-1 at 4.)  Defendant argues the claims fail as a matter of law because Plaintiff cannot prove a
24 dangerous condition caused her fall or that Defendant had notice of any dangerous condition.  (*Id.*
25 at 5–11.)  Specifically, Defendant contends although Plaintiff saw a puddle of what appeared to
26 be water near where she fell, she is unable to "identify where the water came from or how long it
27 was there," and she "is unable to state with any certainty that she slipped on the water."  (*Id.* at 7.)
28 In addition, Defendant contends there is no evidence to establish the water on which Plaintiff

allegedly slipped "existed for any prolonged period of time" such that Defendant had constructive notice of its existence. (*Id.* at 10.) In support, Defendant submitted an affidavit from Richard Collier (the Assistant General Manager at the Costco location) and excerpts from Plaintiff's deposition testimony taken November 15, 2019. (ECF Nos. 11-3, 11-4.)

In opposition, Plaintiff argues there are genuine disputes as to whether a puddle of water on the store floor caused Plaintiff's fall and whether Defendant should reasonably have known of the puddle's existence. (ECF No. 16-2 at 2.) Specifically, Plaintiff argues the evidence of a puddle in the place where Plaintiff fell gives rise to the reasonable inference that the puddle caused the fall. (*Id.* at 6.) Further, Plaintiff argues the existence of the puddle less than "ten feet from the service desk where three Costco employees, including a manager, were working at the time of the accident" is evidence that Defendant should have known of the existence of the puddle. (*Id.* at 8.) In support, Plaintiff submitted excerpts from her deposition testimony, surveillance footage of the incident, excerpts from Defendant's discovery responses, "sweep sheets" created by Defendant's employees, an affidavit from an eyewitness, and excerpts from the deposition testimony of various Costco employees. (ECF Nos. 16-3, 16-4.)

### A.   Evidentiary Objections

As a preliminary matter, the Court will address Defendant's objections to admission of the surveillance video on authentication and hearsay grounds.[1]

#### i.   Authentication

Documents produced by the opposing party are deemed authenticated. *See Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 n.20 (2002). However, the 2010 amendments to Federal Rule of Civil Procedure 56 "eliminate[d] the unequivocal requirement" that evidence be authenticated and admissible in its present form for it to be considered at summary judgment and mandated only that the substance of the proffered evidence would be admissible at trial. *Romero v. Nev. Dep't of Corr.*, 673 F. App'x 641, 644 (9th Cir. 2016); *see also* Fed. R. Civ. P. 56

---

[1] Defendant also objects to the admission of the surveillance video on personal knowledge grounds. (ECF No. 18-2 at 1.) Defendant's objection is wholly without merit. *See Feiman v. City of Santa Monica*, No. CV 12-3549-JGB JCX, 2013 WL 5539389, at *4 (C.D. Cal. Oct. 3, 2013) ([S]urveillance videos are not witness testimony that requires personal knowledge.").

1   advisory comm. note to 2010 amendment.

2       In the instant case, Plaintiff's counsel declares the surveillance video is a true and correct
3   copy of the surveillance video produced by Defendant pursuant to Plaintiff's demand for
4   production of documents. (ECF No. 16-3 at 2.) Defendant offers no evidence to the contrary.
5   (*See* ECF No. 18-2.) Because the surveillance video was produced by Defendant in discovery, it
6   is deemed authenticated for the purposes of summary judgment. *See Orr*, 285 F.3d at 777 n.20.

7                   *ii.*       *Hearsay*

8       Under the Federal Rules of Evidence, hearsay is "a statement that the declarant does not
9   make while testifying at the current trial or hearing, and a party offers in evidence to prove the
10  truth of the matter asserted in the statement." Fed. R. Evid. 801(c). A statement is "a person's
11  oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion."
12  *Id.* at 801(a). In other words, conduct which can be said to have been intended as
13  "communicative" can be a statement and, thus, hearsay. *See United States v. Brock*, 667 F.2d
14  1311, 1315 n.2 (9th Cir. 1982).

15      Defendant asserts the surveillance video is inadmissible hearsay because Plaintiff "offers
16  the video to prove the truth of the matters contained therein, with no hearsay exception." (ECF
17  No. 18-2 at 1.) However, as the surveillance video is without sound and conveys only conduct,
18  Defendant fails to address the preliminary question of whether any of the conduct in the
19  surveillance video is a statement within the meaning of the Federal Rules of Evidence.

20      The surveillance video shows the area of the Redding Costco store immediately in front of
21  the customer service counter. (ECF No. 16-3 at 13, 43–44, 51.) In the foreground, employees
22  work behind the counter on computers or address customers that approach the counter. (*Id.* at
23  13.) In the background, a stream of customers pushing carts pass in front of the customer service
24  counter. (*Id.*) Between the line of customers and the counter is an empty space, in which
25  customers line up if there is a wait for the service counter. (*Id.*) Approximately thirteen minutes
26  and forty-five seconds into the clip, Plaintiff appears from the background walking toward the
27  foreground. (*Id.*) Plaintiff falls onto her back in the center of the empty space immediately in
28  front of the counter behind which two employees are working at the time. (*Id.*) Shortly

thereafter, customers and employees help Plaintiff into a chair near where she fell and an employee mops something from the floor. (*Id.*) Plaintiff walks out of the frame approximately fifteen minutes and thirty-five seconds after she appears. (*Id.*)

The foregoing conduct does not appear to be intended as communicative as it relates to the elements at issue. First, as to causation, there is no indication the figure who appears to be mopping something near where Plaintiff fell is doing so for any purpose other than to clean something off the floor. (*See id.*) Second, as to notice, three Costco employees working near where Plaintiff fell does not seem to be communicative of anything. (*See id.*) As such, the conduct portrayed by the surveillance video is not a statement and therefore not hearsay.

In the alternative, even if the above-described conduct could be considered a "statement," it is still not inadmissible hearsay. The conduct at issue in the instant motion is the conduct of Defendant's own employees while they are performing their duties as employees. (*See id.* at 43–44, 51.) Such statements are not hearsay. *See* Fed. R. Evid. 801(d)(2)(D).

### B. Genuine Disputes as to Material Facts Exist

Although Plaintiff alleges three causes of action (ECF No. 1), they share the same elements.[2] *See Kesner v. Superior Court*, 1 Cal. 5th 1132, 1158 (2016). To prevail on each claim, Plaintiff must establish duty, breach, causation, and damages. *Id.* California slip and fall plaintiffs must prove the store owner had actual or constructive notice of a dangerous condition prior to the plaintiff's injury to establish causation. *See Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1206 (2001). Defendant contends Plaintiff cannot prove causation in fact or notice. (ECF No. 11-1 at 6, 8, 9.)

#### i. Causation in Fact

A plaintiff establishes causation in fact by producing evidence that the defendant's acts or omissions were a substantial factor in bringing about the plaintiff's injury. *Vasquez v. Residential Invs., Inc.*, 118 Cal. App. 4th 269, 288 (2004) (quoting *Jackson v. Ryder Truck Rental, Inc.*, 16 Cal. App. 4th 1830, 1847 (1993)). "If, as a matter of ordinary experience, a particular act or

---

[2]   In diversity actions, federal courts apply state substantive law. *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001).

omission might be expected to produce a particular result, and if that result has in fact followed, the conclusion may be justified that the causal relation exists." *Osborn v. Irwin Mem'l Blood Bank*, 5 Cal. App. 4th 234, 253 (1992) (quoting Rest. 2d Torts, § 433B, com. b). In other words, "causation in fact is ultimately a matter of probability and common sense." *Id.*

Plaintiff testified at deposition that she saw a "big puddle of water on the floor that had sprayed out" after being helped up off the ground. (ECF No. 11-4 at 7–8.) When asked to estimate the puddle's size, she testified that she could not because it had apparently spread out as a result of her stepping on it. (*Id.* at 8.) Later, Plaintiff again reiterated that the puddle had been "sprayed out" by the time she saw it. (*Id.* at 8.) Plaintiff's response to the question "[h]ow do you know you slipped on water?" demonstrates the commonsense analysis required to show causation in fact. Plaintiff responded that, although she did not literally *know* she slipped on water, she "looked down after they got me up, looked down, and the water was there on the floor." (*Id.* at 6–7.) As Plaintiff suggests in her deposition testimony, the presence of a puddle of water that appeared disturbed — in her words, "sprayed out" — on polished concrete in the exact location she just fell gives rise to the reasonable inference the water caused the fall.

Plaintiff's testimony is buttressed by the affidavit of Andrew Picklesimer and surveillance video. In his affidavit, Mr. Picklesimer states he heard a squeak that sounded like rubber skidding on the floor and turned around to see Plaintiff strike her head on the floor 20 feet away. (ECF No. 16-4 at 1.) When Mr. Picklesimer went over to help Plaintiff, he noticed she was partially laying in a puddle of water. (*Id.* at 2.) Further, as discussed above, the surveillance video shows Plaintiff fall. (ECF No. 16-3 at 13.) Forty-one seconds later a woman who appears to be a Costco employee walks behind a counter, tears paper towels from a roll, and returns to the location of the fall to mop the floor with the towels. (*Id.*) This evidence together, while not direct, gives rise to the reasonable inference that Plaintiff slipped and fell as a result of something wet on the floor, likely water.

Defendant contends this is mere "speculation conjecture," relying on *Peralta v. The Vons Cos., Inc.* (ECF No. 18 at 3.) *Peralta* is easily distinguishable. In *Peralta*, the plaintiff fell at a bakery but could not identify anything on the floor that may have caused her fall. *Peralta v. The*

7

1  *Vons Companies, Inc.*, 24 Cal. App. 5th 1030, 1032–33 (2018). No witnesses saw anything on
2  the floor that may have caused the plaintiff's fall. *Id.* The appellate court sustained summary
3  judgment in favor of the defendant, holding an expert declaration that the fall was consistent with
4  a fall created by a slippery foreign substance alone was insufficient to create a triable issue of
5  material fact. *Id.* at 1036.

6  Here, Plaintiff does not rely on an expert opinion about the cause of her fall. Rather,
7  Plaintiff provides the following: her own testimony that a puddle did in fact exist near where she
8  fell and appeared "sprayed out" as if someone had just fallen in it; the affidavit of a witness who
9  heard Plaintiff fall and observed water on the ground when he helped Plaintiff get up; and
10 surveillance footage showing a Costco employee mopping the place where Plaintiff fell. This
11 evidence is not conjecture. It is the concrete factual predicates from which reasonable inferences
12 may be drawn to defeat a motion for summary judgment. *See Richards*, 602 F. Supp. at 1244–45.
13 Therefore, a genuine dispute exists as to whether a puddle of water caused Plaintiff to fall.

14                              *ii.*   Notice

15 As mentioned, California law has long required slip and fall plaintiffs to prove the owner
16 of the premises on which they slipped had actual or constructive notice of the dangerous
17 condition in enough time to correct it before plaintiff fell. *Ortega*, 26 Cal. 4th at 1203. The
18 plaintiff bears the burden of proving causation. *Id.* at 1205–06 (quoting Prosser & Keeton, Torts
19 § 41 (5th ed. 1984)). Constructive knowledge may be shown by circumstantial evidence — that
20 is, "nothing more than one or more inferences which may be said to arise reasonably from a series
21 of proven facts." *Ortega*, 26 Cal. 4th at 1207 (quoting *Hatfield v. Levy Brothers*, 18 Cal. 2d 798,
22 805 (1941)). In other words, the plaintiff need not provide direct evidence of how long the
23 defective condition existed. *Louie v. Hagstrom's Food Stores*, 81 Cal. App. 2d 601, 607 (1947).
24 "Whether a dangerous condition has existed long enough for a reasonably prudent person to have
25 discovered it is a question of fact for the jury, and the cases do not impose exact time limitations.
26 Each accident must be viewed in light of its own unique circumstances." *Ortega*, 26 Cal. 4th at
27 1207; *see also Sapp v. W.T. Grant Co.*, 172 Cal. App. 2d 89, 94 (1959). Defendant argues
28 Plaintiff cannot prove notice because there is no evidence that any dangerous condition existed

1 for a long enough period of time that Defendant should have known of its existence. (ECF No.
2 11-1 at 9.) Defendant contends that because its employees are trained to "look for potential slip
3 and fall hazards, and immediately address any such hazards," and no employee "saw or reported a
4 hazard at the location of plaintiff's fall," Defendant "cannot be charged with constructive notice
5 of the water's existence." (*Id.*) Plaintiff argues the proximity of the employees to the puddle, as
6 shown in the surveillance video, and Defendant's policy of formally checking the aisles for
7 potential fall hazards only once an hour without noting the time, as shown by the sweep sheets,[3] is
8 sufficient evidence to raise a reasonable inference of constructive notice. (ECF No. 16-2 at 7–8.)

9 The parties have submitted significant circumstantial evidence from which a jury may
10 infer Defendant had constructive notice of the puddle on which Plaintiff allegedly slipped.
11 Plaintiff fell at approximately 10:45 a.m. (ECF No. 16 at 2.) According to Mr. Collier's
12 affidavit, the Redding Costco store's policies and procedures are to ensure the floors are clear of
13 any potential slip and fall hazards prior to store opening. (ECF No. 11-3 at 2.) Defendant's
14 discovery responses state employees are required to conduct "hourly floor-walks" to check for
15 slip and fall hazards. (ECF No. 16-3 at 18.) It is not clear whether these floor walks are
16 conducted on the hour or once every hour. However, given Mr. Collier's affidavit, the Court may
17 draw the reasonable inference that the last formal floor inspection was conducted on the hour and
18 before the store opened, approximately forty-five minutes before Plaintiff fell. *See Anderson*, 477
19 U.S. at 255. There is no evidence before the Court that Defendant's employees are either trained
20 to independently inspect for fall hazards near where they are working or did so on October 27,
21 2016 outside of the hourly floor inspections.[4] The surveillance video shows three employees

---

[3] The Court notes Defendant's objections to the admission of the sweep sheets. (ECF No. 18-2 at 2.) The Court need not rule on Defendant's objections because it does not rely on the sweep sheets in deciding a genuine dispute exists as to whether Defendant would have been aware of the puddle in the exercise of reasonable care. *Cf. Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324, 1335 n.9 (1980) (district court considered all submitted evidence in summary judgment motion, so it should have ruled on evidentiary objections).

[4] Although Defendant asserts its employees are required to check for slip and fall hazards near where they are working outside of the hourly formal floor inspections, it submits no evidence to support that assertion. (*See* ECF No. 11-1 at 10; ECF No. 11-3 at 2 (providing evidence that employees are expected to respond to and clean up potential slip and fall hazards

working in close proximity to the place where Plaintiff alleges she slipped on a puddle. (*Id.* at 13.) The three employees shown in the video are confirmed to be Defendant's employees by deposition testimony and Defendant's discovery responses. (*See id.* at 18–19, 42, 51, 57–59.) The surveillance video also shows the area where Plaintiff fell was highly trafficked. (*Id.* at 13.)

Drawing reasonable inferences in Plaintiff's favor, the foregoing evidence leads to the following question for the jury: Is Defendant's policy of only formally inspecting for fall hazards once per hour commensurate with the exercise of ordinary care by Defendant given the highly trafficked nature of where Plaintiff fell and the close proximity of three employees? *See Sapp*, 172 Cal. App. 2d at 94. In the language of notice, the jury must decide whether a store owner exercising ordinary care should have been on notice of a slip and fall hazard located in a highly trafficked area of the store, within feet of three employees, and approximately 45 minutes after employees conducted pre-opening floor inspections. *See Ortega*, 26 Cal. 4th at 1205 ("[T]he care required is commensurate with the risks involved.").

As *Ortega* repeatedly makes clear, these are questions to be answered by the jury, which may draw different inferences from the evidence that are less favorable to Plaintiff. *See id.* at 1205, 1207–1209 (quoting *Sapp*, 172 Cal. App. 2d at 94; *Bridgman v. Safeway Stores, Inc.*, 53 Cal. 2d 443, 447 (1960) ("[I]t is ordinarily a question of fact for the jury whether, under all the circumstances, the defective condition existed long enough so that it would have been discovered by an owner who exercised reasonable care.")). Therefore, a genuine dispute exists as to whether Defendant had constructive notice of the dangerous condition on which Plaintiff allegedly slipped.

Therefore, genuine disputes over material facts preclude the Court from granting summary judgment for Defendant.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Summary Judgment. (ECF No. 11.) The parties are ORDERED to file a Joint Status Report within thirty

---

but not that they are required to look for any such hazards).)

1  (30) days of the electronic filing date of this Order indicating their readiness to proceed to trial
2  and proposing trial dates.
3     IT IS SO ORDERED.
4  Dated:  September 17, 2021

Troy L. Nunley
United States District Judge